UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY SPRINGER,

    Plaintiff,

v.                                                CAUSE NO. 3:20-CV-198-DRL-MGG

WEXFORD HEALTH,

    Defendant.

OPINION & ORDER

Zachary Springer, a prisoner without a lawyer, filed a complaint (ECF 1) against Wexford Health seeking monetary damages because he is unhappy with the treatment he has received while incarcerated at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the fall 2017, Mr. Springer developed painful lumps in his chest area. He repeatedly sought care for his condition, but he says it took months before he was seen by a nurse. While the nurse deemed his condition sufficiently serious to justify a referral to a physician, he still has not been seen by a physician.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, Mr. Springer has only named one defendant: Wexford Health. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008)

("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Mr. Springer's allegations against Wexford appear to be based only on the poor decisions that its staff made in connection with his care, he cannot proceed against Wexford.

Mr. Springer's complaint does not state a claim. Nevertheless, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, Mr. Springer should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible. Mr. Springer should keep in mind that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Zachary Springer;

(2) GRANTS Zachary Springer until **April 10, 2020**, to file an amended complaint on that form; and

(3) CAUTIONS Zachary Springer that, if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

March 11, 2020                                                        *s/ Damon R. Leichty*
                                                                       Judge, United States District Court