UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY SPRINGER,

    Plaintiff,

v.                                     CAUSE NO. 3:20-CV-198-DRL-MGG

WEXFORD HEALTH,

    Defendant.

## OPINION & ORDER

Zachary Springer, a prisoner without a lawyer, filed an amended complaint (ECF 5) against Warden John Galipeau, Nurse Tracy Packard, and LPN Kay Hutchinson seeking monetary damages because he is unhappy with the medical treatment he has received while incarcerated at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Springer developed painful lumps in his chest area in the fall 2017. On September 6, 2017, he submitted a health care request form indicating that he had already been seen for his condition but that he was told that he would be scheduled for a biopsy. ECF 5-1 at 1. He also indicated that he was told that he would receive medication for his pain but that he had not received anything. When he submitted the health care request, more than thirty days had passed without him receiving the biopsy or pain medication. Nurse Terry Packard responded by indicating that Mr. Springer had been scheduled.

On November 5, 2017, Mr. Springer submitted another request for health care. *Id.* at 2. In this request, Mr. Springer indicated that, though he has been seen for his condition several times, he had not seen a specialist even after being told that he needed to see a specialist. Nurse Packard again responded by indicating that Mr. Springer had been scheduled.

Mr. Springer sued Nurse Packard, but he didn't initiate this lawsuit until February 25, 2020, and didn't name Nurse Packard as a defendant until March 27, 2020. Mr. Springer's allegations against Nurse Packard concern things that occurred more than two years before Mr. Springer initiated this lawsuit. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Mr. Springer's allegations regarding Nurse Packard date from September and November 2017, yet Nurse Packard was not sued until March 27, 2020. Thus, any claims against Nurse Packard are time barred.

Mr. Springer submitted another healthcare request; and, on June 12, 2018, he was seen by Nurse Hutchinson. ECF 5 at 1; ECF 5-1 at 3. As a result of that visit, she diagnosed bilateral breast pain and requested a consult for Mr. Springer with Dr. Liaw. In August 2018, he filed another request for healthcare. ECF 5-1 at 4. Nurse Hutchinson responded to the August request by indicating that a consult was put in on June 13, 2018, and that they were still awaiting an answer.

Mr. Springer filed a grievance on August 14, 2018, indicating that he had multiple visits with doctors and nurses and blood work, which was negative, but he remained in extreme pain. *Id.* at 5. He asked that the lumps be surgically removed, or that a CT scan be performed. The grievance specialist, John R. Harvil, responded to his grievance on August 28, 2018 by indicating that the grievance was being returned because he did not first try to resolve his dispute informally. *Id.* at 6. In a memo dated August 31, 2018, Mr. Harvil wrote that he spoke with HCA Lewis, and that she reports "that you were

2

evaluated for this issue, at this point labs and physical exam do not indicate any serious medical condition." *Id.* at 8. He was further told that he would be "monitored onsite." *Id.* Mr. Springer indicates that, as of February 2020, he still had not been seen by a physician, and all care for his condition had stopped.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Nurse Hutchinson knew that Mr. Springer alleged that the lumps in his chest were painful. She sought a consult on his behalf; yet, nearly eight weeks later, when Mr. Springer alerted her that he still had not received an appointment with a doctor, she did nothing more than respond by indicating that they were still awaiting an answer to the request for a consult. Accepting Mr. Springer's allegations as true and giving him the benefit of the inferences to which he is entitled, as this court must at this stage

3

of the proceedings, he has alleged facts from which it can be inferred that Nurse Hutchinson was deliberately indifferent to his serious medical needs.

Mr. Springer has also sued Warden John Galipeau. but he alleges only that Warden Galipeau is the final authority for grievances but did not help him. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As this circuit has explained:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595. Personal liability requires more than a showing that the defendant knew of the plaintiff's plight. Allegations that the defendant is a supervisor or that the defendant knew of his complaints will not suffice. Thus, Mr. Springer may not proceed against Warden Galipeau.

For these reasons, the court:

4

(1) GRANTS Zachary Springer leave to proceed against LPN Kay Hutchinson in her individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment for the painful lumps in his chest, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Nurse Tracy Packard and Warden John Galipeau;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) on LPN Kay Hutchinson at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 5), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of the defendant if she does not waive service and they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), LPN Kay Hutchinson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 1, 2020

*s/ Damon R. Leichty*
Judge, United States District Court