UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY SPRINGER,

Plaintiff,

v.    CAUSE NO. 3:20-CV-198-DRL-MGG

WEXFORD HEALTH,

Defendant.

OPINION AND ORDER

Zachary Springer, a prisoner without a lawyer, is proceeding in this case on one claim: "against LPN Kay Hutchinson in her individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment for the painful lumps in his chest, in violation of the Eighth Amendment[.]" ECF 9 at 5. On December 15, 2020, Mrs. Hutchinson filed a summary judgment motion arguing that Mr. Springer did not exhaust his administrative remedies before filing suit. ECF 17. With the motion, Mrs. Hutchinson provided Mr. Springer the notice required by N.D. Ind. L.R. 56-1(f). ECF 20. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."

This deadline passed over four months ago, but Mr. Springer has not responded. Therefore the court will now rule on the motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). Because Mr. Springer has not responded to the defendants' summary judgment motion, he has not properly addressed their assertions of fact and the court accepts these facts as undisputed:

[Mr. Springer] alleges that, while incarcerated at Westville Correctional Facility (hereinafter, "WCF"), his constitutional rights were violated when Defendant, in June and August of 2018, was deliberately indifferent towards [Mr. Springer's] objectively serious medical need. *See, generally,* ECF No. 5. [Mr. Springer] alleges that this treatment by Defendant amounted to a violation of his Eighth Amendment rights. *Id.*

. . .

The IDOC policy governing the Offender Grievance Process is titled "IDOC Policy and Administrative Procedure 00-02-301, the Offender Grievance Process." ("Offender Grievance Process"). *Id.* at ¶6. [ ] As an inmate within the Indiana Department of Correction, the Offender Grievance Process was, at all times during his incarceration, available to [Mr. Springer]. *See* Exhibit 1, at ¶7. The goal of the Offender Grievance Process is to provide an administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. *Id.* The Admission and Orientation documentation for an offender entering the facility includes documentation on the Offender Grievance Process. *Id.* A copy of the Offender Grievance Process is available at the WCF law library. *Id.*

The grievance process begins with the informal resolution process. *Id.*, at ¶9. Before filing a grievance, an offender is required to attempt to resolve a complaint informally and provide evidence (e.g., "To/From" correspondence, State Form 36935, "Request for Interview") of said attempt. *Id.* If the offender is unable to informally resolve his complaint, the offender must submit a completed State Form 45471, "Offender Grievance," no later than 10 business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. *Id.* at ¶10.

The grievance is then screened by the Offender Grievance Specialist within five (5) days to determine whether the submitted grievance meets the requirements for the formal grievance as set forth in the IDOC grievance policy. *Id.* at ¶¶12-13. The Offender Grievance Specialist must then either return an unacceptable form or provide a receipt for an accepted form. *Id.* at ¶11.

The Offender Grievance Specialist may reject the grievance form and return it to the offender unfiled if it does not meet the criteria outlined in the IDOC policy. *Id.* at ¶16. In addition, the form may be returned to the offender if it was not submitted within the 10 business day time limit or if the offender is grieving a matter inappropriate to the offender grievance process. *Id.* If the Offender Grievance Specialist determines from a review of the grievance form that it does not meet the requirements of the policy and administrative procedure and there is no good cause shown, the Offender Grievance Specialist shall return the grievance form within one (1) business day to the offender with an explanation as to why the form was

returned and how it may be corrected. *Id.* at ¶14. The Offender Grievance Specialist must use State Form 45475, "Return of Grievance." *Id.* It is the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender. *Id.*

. . .

Exhaustion of the grievance process requires an offender to attempt an informal resolution, to file a formal grievance, file an appeal with the Warden/Designee, and to file a second appeal with Offender Grievance Manager. *Id.* at ¶29. The records maintained by IDOC and WCF document whether an offender followed these steps including filing an informal grievance, filing a formal grievance, and filing two appeals. *Id.* at ¶30.

[WCF's Grievance Specialist has reviewed] the grievance records for [Mr. Springer] who was housed at WCF when the alleged incident occurred. *Id.* at ¶32-33. The grievance records reflect that [Mr. Springer] did not make a valid grievance because the grievance records reflect that [Mr. Springer] did not file a formal grievance within the time required under the Offender Grievance Process. *Id.* at ¶¶33-37.

ECF 18 at 2-7 (citations in original).

Prisoners are prohibited from bringing an action in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

4

Here, the undisputed facts show Mr. Springer did not timely file any formal grievances about the issues in this case. Moreover, there is no evidence the administrative process was made unavailable to him. As a result, Mr. Springer did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 17);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of Mrs. Hutchinson and against Mr. Springer.

SO ORDERED.

June 25, 2021  *s/ Damon R. Leichty*
Judge, United States District Court